IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TEVIN RAYSHAWN WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:22CV176 |
| ) | 1:19CR67-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a motion (Docket Entry 42) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner pled guilty pursuant to a plea agreement to distribution of cocaine base and possession of a firearm in furtherance of a drug trafficking crime and was sentenced to 106 months of imprisonment. (Docket Entries 9, 14, 15, 25; 4/15/2019 and 8/19/2019 Minute Entries.) Petitioner's appeal was unsuccessful. *See United States v. Williams*, 829 Fed. App'x 617 (4th Cir. 2020). Petitioner then filed the instant motion (Docket Entry 42) and a supporting memorandum (Docket Entry 43). The Government filed a response (Docket Entry 51) and Petitioner filed a reply (Docket Entry 53). This matter is now ready for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

## GROUNDS FOR RELIEF

Petitioner alleges ineffective assistance of counsel in Grounds One and Three of his § 2255 forms (Docket Entry 42, Grounds One and Three) and in all three grounds set forth in his supporting memorandum (Docket Entry 43). Ground Two of Petitioner's § 2255 forms also sets forth a ground alleging "actual innocence" of the § 924(c) firearm conviction. (Docket

Entry 42, Ground Two.) However, it appears to also be part of the ineffective assistance claims set forth in the memorandum and is thus addressed as such as well. As explained in greater detail below, Petitioner's grounds for relief all lack merit should therefore be denied.

## DISCUSSION

To prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, a petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would have not pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Additionally, where, as here, "a defendant is represented by counsel when making his guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding. [T]o rebut that strong presumption of validity, the defendant must make a factual showing that his plea of guilt was not voluntary and intelligent." *United States v. Custis*, 988 F.2d 1355, 1363 (4th Cir. 1993) (citations omitted). "[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing Court in accepting a plea constitute a formidable barrier to attacking the plea." *United States v. Wilson*, 81 F.3d 1300, 1308 (4th Cir. 1996) (citations, quote marks omitted). Absent "extraordinary circumstances, the

2

truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

## Ground One

In Ground One, Petitioner contends that counsel, Lisa S. Costner, erred in allegedly failing to investigate and explain the elements of the § 924(c) count prior to the entry of his guilty plea. (Docket Entry 43 at 14, 17-20.) Petitioner apparently believes that his sale of the firearm was not "in furtherance of a drug trafficking crime" even though, on November 7, 2018, law enforcement conducted a controlled buy of crack cocaine and a handgun from Petitioner in High Point, utilizing a confidential informant. (Docket Entry 15 at 5; Docket Entry 23, ¶ 10.) The handgun was a Hi-Point .45 caliber handgun while the North Carolina State Crime Laboratory report indicated the substance purchased from Petitioner was 6.08 grams (net weight) of cocaine base. (Docket Entry 15 at 5-6; Docket Entry 23, ¶ 10.)

As detailed in the presentence report:

> On November 7, 2018, detectives with HPPD met with CS2 at a predetermined location. CS2 contacted the defendant via telephone in the presence[ ] of the detectives and made arrangements to meet the defendant on the 800 block of Langford Avenue, High Point, NC, to purchase "hard" (crack cocaine) and a "biscuit" (a gun). CS2 was provided with audio visual surveillance and was provided with funds to make the controlled buy. CS2 was driven to the location, exited HPPD's undercover vehicle, and walked to the 800 block of Langford Avenue. CS2 approached a black sports utility vehicle, that was already at the location. CS2 approached the rear window and conducted a hand to hand transaction with the defendant. CS2 walked away from the vehicle and walked back to the predetermined location where the substance and a **Hi-Point .45**

3

> **caliber handgun** (serial number X4222137) were turned over to the detectives. (*Note: There is no indication that this firearm was stolen.*) CS2 turned over **6.08 grams (net weight) of cocaine base**. A North Carolina State Crime Laboratory report confirmed the drug amount.

(Docket Entry 23, ¶ 10.)

With respect to establishing whether firearm possession is in "furtherance" of a drug trafficking crime, the Fourth Circuit has explained:

> In determining what evidence is sufficient to establish a violation of § 924(c), the statutory term "furtherance" should be given its plain meaning. According to the dictionary, "furtherance" means "[t]he act of furthering, advancing, or helping forward." *Webster's II New College Dictionary* 454 (1999). We agree with our sister circuits that adopting this interpretation of "furtherance" is consistent with Congress' intent in amending § 924(c). Therefore, § 924(c) requires the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime. However, whether the firearm served such a purpose is ultimately a factual question.

*United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (case citations omitted) (collecting cases).

In his memorandum, Petitioner admits that he first completed the drug sale and then the gun sale, admits that he brought the firearm to the transaction for the purpose of selling it, and admits that the deal to sell the firearm was prearranged. (Docket Entry 43 at 18-19.) Still, he argues, nothing in the record indicates that the firearm he sold to the confidential source furthered the "independent" drug trafficking offense. (*Id.* at 19.) He further contends that counsel failed to advise him that "merely possess[ing]" the firearm at the drug trafficking scene does not violate § 924(c) as charged. (*Id.*)

4

No error occurred. Petitioner did not "merely possess" the firearm at issue. Here, the sale of the firearm—as Petitioner admits—was not spontaneous, making these facts distinguishable from cases involving spontaneous firearm sales with drug transactions. *See, e.g., United States v. Pena-Torres*, 63 Fed. Supp. 3d 627, 628-30 (E.D. Va. 2014) (spontaneous sale of firearm in drug transaction insufficient under § 924(c)); *United States v. Lipford*, 203 F.3d 259, 267 (4th Cir. 2000) (reversing judgment of acquittal on § 924(c) count with court noting: "[w]e recognize that, in the nebulous drug trade underworld, the line between purchaser and salesman is often blurred; in other words, a purchaser must often sell himself as a good customer to convince a drug source to take the risk of selling drugs. In order to persuade a drug source into taking that risk, a drug purchaser can often 'sweeten the pot,' offering to purchase not only drugs, but other illegal goods as well. Where that other illegal good is a firearm, that gun's involvement in the drug transaction is not 'spontaneous' or 'co-incidental;' on the contrary, the firearm facilitates the drug transaction, making it possible for the drug buyer to get the drug seller to take the risks inherent in selling contraband.").

Moreover, the district court advised Petitioner of the § 924(c) elements as follows: "One, that you committed a drug-trafficking crime as alleged in the indictment, that is, the distribution of cocaine base. And, two, in furtherance of that crime, you knowingly possessed a firearm as described in the indictment." (Docket Entry 32 at 32-33.) Petitioner indicated he understood the elements and that he was admitting them. (*Id.* at 33). He raised no questions, pleaded guilty, and also advised he was doing so because he was in fact guilty. (*Id.* at 33-34.)

Finally, the Fourth Circuit affirmed despite Petitioner's pro se appellate claim that he was "actual[ly] innocent of the elements required to establish a valid conviction under §

5

924(c)." *United States v. Williams*, No. 19-4714, 2020 WL 133858, *2 (4th Cir. Nov. 18, 2020). Petitioner stated, under oath, that he possessed the firearm in furtherance of the drug trafficking crime alleged in the indictment. *See Williams*, 829 Fed. App'x at 618. As the Fourth Circuit explained, Petitioner could not overcome the presumption of the truth of his sworn statement. *Id.* at *3-4, citing *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005).

Thus, in light of the record, no error occurred with respect to counsel's investigation and advice concerning the § 924(c) elements, or Petitioner's guilt. This is particularly so where Petitioner not only admitted the elements to the district court, but also continues to admit that he first completed the drug sale and then the gun sale, brought the firearm to the transaction for the purpose of selling it, and arranged the deal to sell the firearm beforehand.

Additionally, any general allegation that counsel did not perform a proper factual investigation is conclusory and fails for this reason alone. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). Moreover, at Petitioner's change of plea, counsel represented to the Court that she had reviewed the Government's file in this case. (Docket Entry 32 at 8.) Petitioner then swore under oath that he received a copy of the indictment and reviewed it with his attorney, he understood the charges, he fully discussed those charges with his attorney and the case in general, he discussed possible defenses with his attorney, and he was fully satisfied with his attorney. (Docket Entry 32 at 11-12.) Beyond this, counsel has also filed an affidavit explaining that she performed a thorough investigation of the facts and evidence in the case. (Docket Entry 51, Ex. A at 9.) Petitioner has not meaningfully contested this.

6

Moreover, had Petitioner rejected the plea agreement and gone to trial, he would (at the *very* least) still likely have been convicted of both the drug and gun charge discussed above (given the overwhelming evidence of guilt) and would have lost the benefit of his acceptance of responsibility. His guideline range (Level 21, Criminal History Category III) would have consequently increased (Level 24, Criminal History Category III) from 46 to 57 months to 63-78 months of imprisonment. (*See* U.S. Sentencing Guidelines Manual Sentencing Table, ch. 5, pt. A (2018); Docket Entry 23, §§ 27-31, 41; Docket Entry 21 at 3.) Consequently, even if counsel had failed to perform the sort of factual investigation that Petitioner wanted, there is no reason to believe that a rational defendant in these circumstances would have rejected the plea agreement and gone to trial. For all these reasons, Petitioner's first ground for relief has no merit.

## Grounds Two and Three

In his memorandum, Petitioner combines his next two grounds for relief. (Docket Entry 43 at 20.) More specifically, Petitioner alleges that the district court failed to find his guilty plea was voluntarily and intelligently entered. (*Id.*) Further, he contends that the district court failed to ensure that there was an adequate factual basis in support of his guilty plea to the § 924(c) charge. (*Id.*) Finally, Petitioner alleges that counsel was ineffective in connection with these claims. (*Id.*) For the following reasons, these objections all lack merit.

To the extent Petitioner seeks review of these underlying claims in the instant § 2255 motion, he is barred from doing so. Despite the waiver of his post-conviction rights, and despite the substantial benefit he received in consideration for his waiver—that is, the Government's agreement to dismiss additional counts—Petitioner has raised these underlying

7

claims. However, the Fourth Circuit has repeatedly held that appeal waivers are enforceable. *See, e.g.*, *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013); *United States v. Thornsbury*, 670 F.3d 532, 537-38 (4th Cir. 2012); *United States v. Cohen*, 459 Fed.3d 490, 494 (4th Cir. 2006); *United States v. Johnson*, 410 F.3d 137, 151-53 (4th Cir. 2005); *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005); *United States v. General*, 278 F.3d 389, 400-01 (4th Cir. 2002); *United States v. Brown*, 232 F.3d 399, 405 (4th Cir. 2000). "[I]f the waiver is valid and the issue sought to be appealed falls within the scope of the waiver," the Court will enforce that waiver. *See Cohen*, 459 F.3d at 494. In assessing the validity of an appeal waiver, the Court considers "whether the defendant knowingly and intelligently agreed to waive the right to appeal, an inquiry ultimately . . . evaluated by reference to the totality of the circumstances." *Id.* (citation and quotation omitted). With very narrow and limited exceptions which are not relevant here the Court enforces defendants' agreements to waive their rights. *See, e.g.*, *Johnson*, 410 F.3d at 151.

The record in this case establishes that Petitioner made a knowing and intelligent decision to waive his post-conviction rights with certain limited exceptions. (Docket Entry at 15-17.) This appeal waiver was described in the plea agreement in direct, unambiguous language. (Docket Entry 14, ¶5d.) As a whole, the record establishes that Petitioner had a full understanding of the plea agreement, including the waiver provision, and the waiver is valid. Nor does Petitioner persuasively contend that his instant underlying claims fall within any of the four exceptions listed in his plea agreement. Therefore, this Court should enforce the waiver and dismiss Petitioner's underlying claims.

With respect to Petitioner's allegations of ineffective assistance of counsel in this context, counsel has responded. Attorney Costner states:

> Petitioner alleges that Affiant did not object to the factual basis. On the date the plea was entered, Affiant reviewed the factual basis with Petitioner. Affiant informed Petitioner that he could object to all or part of the factual basis, and that Affiant would notify the Court of the objections during the Rule 11 hearing. After reviewing the factual basis with Affiant, Petitioner did not notify Affiant of any objections to the factual basis with respect to Counts Two and Three. Affiant and Petitioner agreed that Affiant would notify the Court that the factual basis supported Petitioner's plea to Counts Two and Three and reserve the right to contest drug amounts as to any relevant conduct. During the Rule 11 hearing, Affiant notified the Court as agreed. (Doc. No. 32, p. 34).

(Docket Entry 51, Ex. A at 9-10.) Consistent with this, at the change of plea, Petitioner informed the Court that he reviewed the factual basis and agreed with it, particularly as to the facts regarding the November 7th transaction. (Docket Entry 32 at 35-36.)

Furthermore, counsel responds to Petitioner's allegation that his guilty plea was not entered voluntarily and knowingly, advising:

> Affiant met with Petitioner prior to the entry of the plea, and Petitioner did not express any reservations or hesitation with pleading guilty to Counts Two and Three. Affiant has no information that would indicate that Petitioner did not enter the plea voluntarily or knowingly. The Court conducted a Rule 11 colloquy with Petitioner and accepted the plea. Affiant has no independent recollection of any deficiencies in the Rule 11 hearing, and therefore, defers to and relies on the transcript of change of plea to reflect whether this is in fact true.

(Docket Entry 51, Ex. A at 10.)

A review of the plea transcript indicates that Petitioner entered a knowing and voluntary guilty plea. (Docket Entry 32.) After fully advising Petitioner of the elements of the offenses, the rights he was waiving and the penalties he faced, the district court concluded:

> It is the finding of this Court in Case No. 1:19CR67-1 that Mr. Williams is fully competent and capable of entering an informed

9

> plea. The Court further finds that Mr. Williams is aware of the nature of the charges and the consequences of his plea, and his plea of guilty is a knowing[ ] and intentional[ ] plea.

(Docket Entry 32 at 34; *see also* 9-34.)

Thus, the record shows that the district court found Petitioner entered a knowing guilty plea. Furthermore, on *Anders* review, the Fourth Circuit found Petitioner's plea was knowing and voluntary. *See Williams*, 829 F. App'x 617 ("We have reviewed the transcript of Williams' guilty plea hearing and find that the district court fully complied with the requirements in Rule 11 and that Williams' plea was knowingly and voluntarily entered."). For all of these reasons, Petitioner has failed to satisfy either prong of *Strickland* for any of his grounds for relief. Petitioner is not entitled to any form of relief.

## CONCLUSION

For the reasons set forth above, Petitioner's grounds are without merit and should therefore be denied. An evidentiary hearing is not warranted here,[1] nor is discovery, nor is the appointment of counsel.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion (Docket Entry 42) to vacate, set aside, or correct sentence be **DENIED**, that judgment be entered dismissing the action, and that, there being no substantial issue for appeal concerning the denial of a

---

[1] Petitioner is not entitled to an evidentiary hearing nor does the Court conclude that one is warranted. Unless the record "conclusively show[s]" a § 2255 petitioner is not entitled to relief, "the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Because the motion and files and records conclusively show that Petitioner is not entitled to relief, Petitioner's request for an evidentiary hearing is denied. 28 U.S.C. § 2255.

10

constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

/s/ Joe L. Webster<br>United States Magistrate Judge

September 3, 2024
Durham, North Carolina